460 F.2d 1191
 Juanita EDWARDS and Cordelia Workman, individually and on
behalf of all other persons similarly situated, Appellants,
v.
Edwin FLOWERS, Commissioner, West Virginia Department of
Welfare, et al., Appellees.
 No. 71-2129.
 United States Court of Appeals,
Fourth Circuit.
 Argued April 13, 1972.
Decided May 17, 1972.
 
 Michael B. Glomb, Legal Aid Society of Charleston, Charleston, W. Va. (Herbert E. Buhl, III, Legal Aid Service Agency, and E. Gail Falk, Legal Aid Society, Charleston, W. Va., on brief), for appellants.
 Phillip D. Gaujot, Asst. Atty. Gen. of West Virginia (Chauncey H. Browning, Jr., Atty. Gen. of W. Va., on brief), for appellees.
 Before HAYNSWORTH, Chief Judge, and BRYAN and CRAVEN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The individual claims of the named plaintiffs about delay in the processing of their welfare claims having been satisfied in full, the action was dismissed as moot. This was correct since it could not be continued as a class action without a showing of a discernible class with the requisite community of interest.
 
 
 2
 Affirmed.
 
 CRAVEN, Circuit Judge (dissenting):
 
 3
 In the face of a statute and regulations, 42 U.S.C. Sec. 1352(a) (10) and the Handbook of Public Assistance Administration, Part IV Secs. 2200(b) (3), (4), 2300(b) (3), (5), requiring that Aid to the Disabled (AD) claims be decided either negatively or affirmatively within 60 days, the state agency here involved failed to act on petitioners' claims for a period of eight months as to Juanita Edwards and for a period of seven months as to Cordelia Workman. At least one other person is known to have been similarly delayed.
 
 
 4
 The utilization of simple discovery procedures, available under the federal rules, would have doubtless prevented dismissal of this complaint in the court below, or else made it plainly justifiable. Interrogatories to state officials would have determined whether there are hundreds of claimants similarly situated or very few isolated instances. If the interrogatory method had been inconclusive, certainly inspection of records would have conclusively established whether or not there exists a class.
 
 
 5
 I think it doubtful that belated payment of a claim in violation of a statutory duty moots the case and requires affirmance of the dismissal.
 
 
 6
 [V]oluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i. e., does not make the case . . . A controversy may remain to be settled in such circumstances, . . . e. g., a dispute over the legality of the challenged practices. . . . The defendant is free to return to his old ways. This, together with a public interest in having the legality of the practices settled, militates against a mootness conclusion. . . .
 
 
 7
 The case may nevertheless be moot if the defendant can demonstrate that "there is no reasonable expectation that the wrong will be repeated." The burden is a heavy one. . . .
 
 
 8
 Along with its power to hear the case, the court's power to grant injunctive relief survives discontinuance of the illegal conduct. . . . The purpose of an injunction is to prevent future violations, . . . and, of course, it can be utilized even without a showing of past wrongs. But the moving party must satisfy the court that relief is needed. The necessary determination is that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive.
 
 
 9
 United States v. W. T. Grant Co., 345 U.S. 629, 632-633, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953). Initial qualification for AD benefits does not qualify one for benefits thereafter as a matter of course. Eligibility for AD assistance is a function of the applicant's physical condition and its relationship to his employability. All recipients of AD are subject to yearly reviews of eligibility. West Virginia Assistance Payments Manual Sec. 32100. In addition, any change in a recipient's social and medical situation requires the Department's eligibility worker to initiate a redetermination of the recipient's current eligibility. West Virginia Assistance Payments Manual Sec. 46260. At least one of the plaintiffs in this case may be subject to a redetermination of eligibility. The danger of future violation and the public interest in preventing delays on claims strongly suggest to me that the case should have been fully developed below.
 
 
 10
 Be that as it may, I am compelled to protest the protection that surrounds state and federal bureaucratic agencies in the discharge of their statutorily mandated duties. Delay in the courts, and in the agencies of both state and federal government, in the processing of people's claims has become a national scandal.
 
 
 11
 I would remand for trial on the merits, or, at the very least, for determination of the existence of a class.